[No. 9914.  Department Two.  December 14, 1912.]

## Curt Akers et al., Respondents, v. W. H. Lord et al., Appellants, E. S. Wright, Respondent.[1]

Costs—On Appeal—Apportionment.  Where a judgment in consolidated actions to·foreclose loggers' liens was given against defendants for $534.89, for an eloignment of logs valued at $1,500, and on appeal the judgment was sustained in part, modified in part and reversed in part, seven lien claims to the extent of $212.15 being sustained, and an eloignment found of only $660 in value, and the costs below on the seven claims not appearing in the record, the supreme court will apportion the costs in such arbitrary sum as appears from the whole record to be equitable; since the unsuccessful plaintiffs should not be charged with defendants' entire costs, which were largely incurred in an unsuccessful attack upon the seven claims sustained.

Motion to retax costs in the supreme court, filed March 9, 1912.  Granted.

*Tucker & Hyland*, for appellants.

*Robert A. Welch* (*Winter S. Martin*, of counsel), for respondents Akers et al.

*Jno. Mills Day*, for respondents Krakenberger.

Morris, J.—This is a motion to retax costs, in consolidated actions to foreclose loggers' liens.  The original case here will be found in 67 Wash. 179, 121 Pac. 51.  The judgment appealed from was sustained in part, modified in part, and reversed in part.  It will thus be seen a difficult question is submitted in determining how and against whom the costs of this court shall be taxed.

[1]Reported in 128 Pac. 672.

The judgment appealed from awarded judgment against appellants in the aggregate of $534.89, with costs to each plaintiff in the original suits. Just what these costs amount to cannot be told as it does not appear in our record. The judgment against appellants was given because of an eloignment of 40,000 feet of logs and 180,000 feet of lumber. The value was not fixed in the lower court, but using the same valuation as we used in fixing the amount we held had been eloigned, the value would be $1,500. We sustained the liens of seven of the respondents, amounting to $212.15, but found an eloignment of only 40,000 feet of logs and 60,000 feet of lumber, of the value of $660. This amount may or may not be sufficient to pay the seven judgments sustained. We do not know because of our inability to determine the costs in the lower court. The judgment of the lower court was reversed as to two claimants whose liens amounted to $322.74, and again sustained as to one claimant whose lien had been denied. Costs have been taxed against all respondents, upon the theory of a substantial reduction of the judgment as to seven of them, a reversal as to two, and the denial of the appeal of the one claimant not successful in the lower court. The $660, the amount we fixed as the value of the eloigned logs and lumber, is probably sufficient to pay the seven claims sustained by us and amounting to only $212.15, with the statutory costs which we may assume have been taxed by the clerk of the superior court. This would mean that, while the fund or liability fixed for the payment of these seven judgments has been substantially reduced, there yet remains sufficient to pay the amounts awarded. Hence the seven have lost nothing in this court, and costs cannot go against them. It would manifestly be most inequitable to charge the two respondents and one appellant who failed to sustain a judgment here with all the costs, since a large part of this cost is sustained by appellant in attacking the judgment against the seven respondents who have not lost on the appeal. The only thing to do is to apportion these

costs, which amount to $221.30; and as there is no rule to guide us in so doing, we can only examine the whole record and from that fix an arbitrary sum which, in our judgment, represents the costs the three parties defeated here should answer for. We know of no other way of determining the matter. This we have done and, upon consideration of the record and briefs as to these three parties, we fix the amount of costs against them at $100.

The motion to retax is granted, and the appellant is allowed $100 costs in this court against John Krakenberger, John Dimmock and Bernard Krakenberger. This court having made a substantial reduction in the eloignment fund fixed as the liability of appellants as to the liens here sustained, thus granting appellants a substantial part of the relief here prayed for, it is necessary to apportion the costs between appellants and these respondents, and as between them each party will pay his own costs.

MOUNT, C. J., MAIN, ELLIS, and FULLERTON, JJ., concur.