[No. 31591. Department One. March 13, 1952.]

GROUP HEALTH COOPERATIVE OF PUGET SOUND *et al.,*
*Appellants,* v. KING COUNTY MEDICAL SOCIETY
*et al., Respondents.*[1]

*Houghton, Cluck, Coughlin & Henry* and *Mervyn F. Bell,*
for appellants.

*Riddell, Riddell, Williams & Madden,* for respondents
King County Medical Society *et al.*

*Brightman, Roberts & Holm,* for respondents Public Hospital District No. 1 of King County *et al.*

GRADY, J.—This case is now before the court upon objections made by respondents to the cost bill filed by appellants

[1]Reported in 241 P. (2d) 1169.

containing a statement of the costs and disbursements incurred by them on their appeal. The main opinion is reported in 39 Wn. (2d) 586, 237 P. (2d) 737.

The appellants presented the action to the trial court upon the theory that respondents had entered into a conspiracy having its objective to injure them in their business and professions. They sought injunctive relief and damages. The action was dismissed. On appeal the appellants prevailed on the issue of injunctive relief, but did not succeed on the question of damages. We affirmed the judgment of the trial court in favor of the Swedish Hospital. We decided that public hospital district No. 1 of King county and its commissioners were not a party to the combination in restraint of competition, but certain conduct on their part should be enjoined. In our opinion we gave no directions as to costs.

Appellants filed a cost bill against all of the respondents except the Swedish Hospital. Respondents public hospital district No. 1 and its commissioners (hereinafter referred to as Renton Hospital) filed exceptions to the cost bill of appellants, and other respondents did likewise.

Whenever we use the word "costs" in this opinion we also include disbursements. Questions relating to the taxation of costs in this court frequently arise, but are usually disposed of without written opinion. Respondents have presented a question involving the interpretation of Rule on Appeal 55, 34A Wn. (2d) 58, and other questions of such nature that we deem it proper to write an opinion. Respondents quote the parts of Rule 55 reading as follows:

"When the judgment is affirmed, costs shall be allowed to the prevailing party, but when the judgment is affirmed in part and reversed in part, or affirmed as to some of the parties and reversed as to others, or modified, the costs shall be in the discretion of the court. And when the judgment is reversed and a new trial ordered, the court will, in its discretion, direct that costs of the prevailing party shall abide the result of the action."

The argument is made that the use of the word *shall* denotes a command or direction, and therefore it must

be assumed that the court has complied therewith and has exercised its discretion in failing to assess or apportion costs against any party in the opinion. It is further argued that the use of the word *will* in the last sentence of the quoted part indicates that the word "shall" denotes mandatory action. We do not so interpret the language used in the rule. It means that when a judgment is affirmed, the prevailing party is entitled to costs, but if the judgment is affirmed in part and reversed in part, or affirmed as to some of the parties and reversed as to others, or modified, the court will exercise its discretion as to costs.

■ If we make no mention of costs in an opinion, then it is incumbent upon those deeming themselves entitled to costs to file a cost bill, and the procedure set forth in Rule 55 must then be followed.

In the exercise of our discretion we have concluded not to allow costs against Renton Hospital. The appellants prevailed only to the extent of partial injunctive relief against that respondent. The record shows that a comparatively small part of it is directed to the issue upon which appellant prevailed. Hence, considering the total volume of the record, we feel justified in making no allowance. This ruling makes it unnecessary to determine the question whether such an entity as a hospital district is subject to taxation of costs when it is a defendant in a civil action.

■ Respondents except to an item of the cost bill designated as "printing appellants' supplemental reply brief." When respondents filed their brief, they also filed a supplement thereto. Appellants moved to strike the supplement. It was claimed in argument that, although the supplemental matter might not be justified under court rules, in view of the voluminous record it was not possible to adequately present the factual situation to this court in an ordinary brief. We were inclined to the view that the supplemental brief would be of aid to us when we reviewed the record. We accordingly denied the motion to strike without prejudice, having in mind that if it should later appear that the

printing of the supplemental brief was not taxable as an item of costs, we could then save appellants harmless. This action of the court justified appellants making a separate reply to the supplemental matter. We fail to see why respondents are now in a position to complain when it is sought by appellants to have such item taxed as costs.

■ We believe that, inasmuch as no costs are being taxed against two of the respondents, the others should not be burdened with the entire amount of the taxable costs. We have not adopted a mathematical standard for apportionment of costs in cases where there are several respondents against whom costs are taxable and others against whom costs are not taxable. Our action must be somewhat arbitrary in the absence of a standard of determination. *Akers v. Lord,* 71 Wash. 299, 128 Pac. 672. The appellants are entitled to the filing fee, statutory attorney's fee, bond premiums, and cost of transcript. There will be deducted from the total cost bill the sum of three hundred dollars. No costs will be taxed against any of the individual respondents.

The cost bill of appellants as modified by stipulation and this opinion will stand approved.

SCHWELLENBACH, C. J., MALLERY, HAMLEY, and WEAVER, JJ., concur.